GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

STACY Y. MA                                  10537-0
   sma@goodsill.com
EMMA R. CHRISTOPHERSON      11551-0
   echristopherson@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
HILTON MANAGEMENT LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVELYN WILLSEY,<br><br>       Plaintiff,<br><br>  vs.<br><br>HILTON MANAGEMENT LLC;<br>JOHN DOES 1–10; JANE DOES 1–10;<br>DOE PARTNERSHIPS 1–10 and<br>DOE ENTITIES 1-10,<br><br>       Defendants. | CIVIL NO.<br><br>**DEFENDANT HILTON MANAGEMENT LLC'S NOTICE OF REMOVAL; EXHIBIT "A"; CERTIFICATE OF SERVICE** |

**DEFENDANT HILTON MANAGEMENT LLC'S NOTICE OF REMOVAL**

TO:      THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF HAWAII

Defendant Hilton Management LLC ("Hilton") hereby submits this Notice of Removal ("Notice"), petitioning the United States District Court for the District of Hawaii for removal of the above-captioned action, Civil No. 1CCV-21-0001582, from the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and submits a short and plain statement of the grounds for removal, as follows:

**A.    Introduction**

1. On March 16, 2022, Plaintiff EVELYN WILLSEY ("Plaintiff") filed a First Amended Complaint ("FAC") in the Circuit Court of the First Circuit, State of Hawaii (Civil No. 1CCV-21-0001582) against Defendants Hilton Management LLC, John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, and Doe Entities 1–10, alleging personal injuries and damages resulting from a fall incident that allegedly occurred on January 11, 2020 at Hilton Hawaiian Village Beach Resort & Spa ("HHV"), located at 2005 Kalia Road, Honolulu, Hawaii 96815. Attached hereto as Exhibit ("Exh.") "A" is a true and correct copy of the FAC.

2. Plaintiff alleges that, on January 11, 2020, she "walked from the lanai back into the hotel room when she fell due to an approximately 7 and 5/8 inch vertical drop from the lanai door to the guest floor and sustained injuries[,]"

Exh. A ¶ 7, which she attributes to Hilton's "reckless and/or negligent conduct." Exh. A ¶ 8.

       3.     Plaintiff alleges she "suffered physical injuries, including but not limited to a fractured left wrist and forearm, head, neck and left hip injuries, extreme pain and suffering, and mental anguish, emotional and mental distress, loss of enjoyment of life, and special damages for medical care, lost wages and/or out of pocket expenses in amounts to be proven at the time of trial." Exh. A ¶ 9. Plaintiff further alleges Hilton "failed to maintain their property and keep it free and clear of defects and hazardous and/or dangerous conditions before [she] fell." Exh. A ¶ 24.

**B.**     <u>**Diversity of Citizenship**</u>

       3.     Based on information and belief, Plaintiff is domiciled in California. Plaintiff alleges in her FAC that she "was an 83-year old resident of Sacrament, California." Exh. A ¶ 1.

       4.     Hilton is, and was at the time of Plaintiff's alleged incident on January 11, 2020, the manager of HHV. Hilton is a Delaware limited liability company whose sole member is Hilton Domestic Operating Company Inc. Hilton Domestic Operating Company Inc. is a Delaware corporation with its principal place of business in Virginia.

     5.     Hilton is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(a)(1).  *See Michaels v. Longs Drug Stores Cal., LLC*, No. 14-00396-ACK-KSC, 2014 WL 5488434, at *2 (D. Haw. Oct. 28, 2014) ("LLCs are citizens 'of every state of which its owners/members are citizens.'" (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

     6.     All other defendants, i.e., John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, and Doe Entities 1–10, are fictitiously named.  The citizenship of defendants sued under fictitious names shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a).  28 U.S.C. § 1441(b)(1).

**C.**     <u>**The Amount in Controversy is Satisfied**</u>

     7.     Based on the allegations in the FAC, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  The Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition[.]"  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

     8.     The FAC alleges that Plaintiff suffered "a fractured left wrist and forearm, head, neck, and left hip injuries, extreme pain and suffering, and

mental anguish, emotional and mental distress, loss of enjoyment of life" and she seeks "special damages for medical care, lost wages and/or out of pocket expenses in amounts to be proven at the time of trial." Exh. A ¶ 9.

9. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Hilton pursuant to 28 U.S.C. §§ 1141(a) and 1446, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**D.   Process and Pleadings**

10. Plaintiff served Hilton with the FAC on March 22, 2022. Accordingly, this Notice is timely filed within thirty days of Plaintiff's service of the FAC on Hilton. *See* 28 U.S.C. § 1446(b)(1).

11. The United States District Court for the District of Hawaii "embrac[es] the place where [the State court] action is now pending," and therefore is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

12. By removing this action, Hilton does not admit any of the allegations in Plaintiff's FAC.

13. By removing this action, Hilton does not waive any defenses available to it.

14. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Hilton prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: Honolulu, Hawaii, April 4, 2022.

/s/ *Stacy Y. Ma*
STACY Y. MA
EMMA R. CHRISTOPHERSON

Attorneys for Defendant
HILTON MANAGEMENT LLC