LAW OFFICE OF VLADIMIR P. DEVENS, LLC

VLADIMIR DEVENS    (4504)
KURT KAGAWA    (9114)
KEANI ALAPA    (9541)
707 Richards Street, PH-1
Honolulu, Hawaii 96813
Tel. No. (808) 528-5003
Fax No. (808) 254-6872

*Attorneys for Plaintiff Evelyn Willsey*

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0001582**
**16-MAR-2022**
**01:45 PM**
**Dkt. 12 CAMD**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| EVELYN WILLSEY, <br><br>            Plaintiff, <br><br>    vs. <br><br> HILTON MANAGEMENT LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, <br><br>           Defendants. | **CIVIL NO. <u>1-CCV-21-0001582</u>** <br> (Other Non-Vehicle Tort) <br><br> FIRST AMENDED COMPLAINT |

<u>FIRST AMENDED COMPLAINT</u>

      EVELYN WILLSEY, by and through her counsel, the Law Offices of Vladimir P.

Devens, LLC, and for her First Amended Complaint, alleges and avers as follows:

      1.    Plaintiff EVELYN WILLSEY ("**Ms. Willsey**"), at all times pertinent

herein, was an 83-year old resident of Sacramento, California, vacationing in the City and

County of Honolulu, State of Hawaii.

2.      Upon information and belief, Defendant HILTON MANAGEMENT LLC ("**Defendant Hilton Management**"), at all times pertinent herein, was a foreign limited liability company doing business in and under the laws of the State of Hawaii.

3.      Upon information and belief, at all relevant times herein, Defendants Hilton Management and/or one or more Doe Defendants operated, maintained, managed and/or controlled the subject premise known as Hilton Hawaiian Village Waikiki Beach Resort located at 2005 Kalia Road, Honolulu, Hawaii 96815 ("Hilton Hawaiian Village Resort").

4.      Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Entities 1-10, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendants, and are agents, servants, employees, employers, representatives, co-ventures, associates, vendors, suppliers, manufacturers, sub-contractors or contractors of the named Defendants, and/or are in some manner responsible for the injuries and damages to Plaintiff, and/or manufactured, and/or designed, and/or placed on the market, a product which was defective which defect was the proximate cause of the injuries and damages to Plaintiff, and/or in some other manner are related to the named Defendants and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to the Plaintiff or her attorneys. Plaintiff has conducted extensive research to determine the identity of these unknown parties, including but not limited to searches of court records, inquiries with the third-party claim management company for defendants, State of Hawaii's Department of Commerce and Consumer Affairs ("DCCA") records and on the internet in a diligent and good faith effort to ascertain the names and identity of these parties. Plaintiff herein prays leave to amend her Complaint to allege the true names, identities, capacities, activities and/or

responsibilities of the Defendants set forth in this paragraph when the same are ascertained.

     5.     The incident described herein occurred within the City and County of Honolulu, State of Hawaii.

     6.     Prior to January 11, 2020, Defendants Hilton Management and/or one or more Doe Defendants created and/or allowed to exist an unsafe and/or dangerous condition in Room D1464 of the Diamond Head Tower at the Hilton Hawaiian Village.

     7.     On or about January 11, 2020, Ms. Willsey, while using due care and caution, walked from the lanai back into the hotel room when she fell due to an approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor and sustained injuries.

     8.     The above-described incident was caused by the negligence, reckless and/or negligent conduct of Defendants Hilton Management and/or one or more Doe Defendants, regarding the maintenance of the property.

     9.     As a result of the above-described incident, Ms. Willsey suffered physical injuries, including but not limited to a fractured left wrist and forearm, head, neck and left hip injuries, extreme pain and suffering, and mental anguish, emotional and mental distress, loss of enjoyment of life, and special damages for medical care, lost wages and/or out of pocket expenses in amounts to be proven at the time of trial.

     10.     The above-described incident was caused by the negligence of Defendants Hilton Management and/or one or more Doe Defendants.

     11.     Ms. Willsey was injured as a direct and proximate result of Defendants Hilton Management and/or one or more Doe Defendants' negligence.

12.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to inspect their property for defects and potential hazardous conditions.

13.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to maintain their property and keep it free and clear of defects and potential hazardous conditions.

14.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to adequately warn its patrons, public invitees and/or the general public coming on to the property of defects and potential hazardous conditions on their property that were dangerous and posed a fall hazard.

15.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to guard its patrons, public invitees and/or the general public coming on to the property against defects and potential hazardous conditions on their property that were dangerous and posed a fall hazard.

16.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to promptly repair any defects and potential hazardous conditions on their property in a timely manner.

17.    Defendant Hilton Management and/or one or more Doe Defendants had a duty and responsibility to protect its patrons, public invitees and/or the general public from the dangers and hazards of any defects and potential hazardous conditions on their property that could cause them harm.

18.    Defendants Hilton Management and/or one or more Doe Defendants had a duty and responsibility to maintain their property and ensure that its guest rooms did not contain any dangerous and/or hazardous conditions.

4

19.     Upon information and belief, at the time of the subject incident, there was an approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor which caused Ms. Willsey to fall.

20.     The approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor where Ms. Willsey fell was a defect and hazardous condition.

21.     Defendants Hilton Management and/or one or more Doe Defendants were aware of the existence of the 7 and 5/8 inch vertical drop from the lanai door to the guest room floor before the subject incident occurred.

22.     There were no adequate warnings alerting Ms. Willsey of the defect and hazardous and/or dangerous condition created by the approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor before the subject incident occurred.

23.     Defendants Hilton Management and/or one or more Doe Defendants failed to conduct reasonable and timely inspections of the subject guest room before the subject incident occurred.

24.     Defendants Hilton Management and/or one or more Doe Defendants failed to maintain their property and keep it free and clear of defects and hazardous and/or dangerous conditions before Ms. Willsey fell.

25.     Defendants Hilton Management and/or one or more Doe Defendants failed to keep the subject guest room where Ms. Willsey was staying free and clear of fall hazards.

26.     Defendants Hilton Management and/or one or more Doe Defendants failed to maintain its guest room in a safe condition for Ms. Willsey.

27.     Defendants Hilton Management and/or one or more Doe Defendants failed to warn Ms. Willsey of the fall hazard created by the approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor before the subject incident occurred.

28.     Defendants Hilton Management and/or one or more Doe Defendants failed to guard Ms. Willsey against the fall hazard created by the approximately 7 and 5/8 inch vertical drop from the lanai door to the guest room floor before the subject incident occurred.

29.     Defendants Hilton Management and/or one or more Doe Defendants failed to protect Ms. Willsey against the fall hazard created by the approximately 17 and 5/8 inch vertical drop from the lanai door to the guest room floor before the subject incident occurred.

WHEREFORE, Ms. Willsey herein demands judgment against Defendants, jointly and severally, as follows:

A.      General and special damages in an amount to be proven at the time of trial;

B.      Attorneys' fees, costs of suit and both pre-judgment and post-judgment interest; and

C.      Such other and further relief as the Court deems just and proper under the circumstances.

DATED:  Honolulu, Hawaii      March 16, 2022

_/s/ Kurt Kagawa_
VLADIMIR DEVENS
KURT KAGAWA
KEANI ALAPA

*Attorneys for Plaintiff Evelyn Willsey*